1  **JEANNE E. SCHERER, Chief Counsel (Acting)**
   **JERALD M. MONTOYA, Deputy Chief Counsel**
2  **CAROL QUAN, Assistant Chief Counsel**                    JS-6
   **LISA A. BRAHAM, Assistant Chief Counsel**
3  **STEVEN J. DADAIAN, Assistant Chief Counsel**
4  **ERICK L. SOLARES, Assistant Chief Counsel**
     100 South Main Street, Suite 1300
5    Los Angeles, California 90012-3702
     Telephone: (213) 687-6000
6    Facsimile:  (213) 687-8300

7  **MARK BERKEBILE, Deputy Attorney,** Bar Number 258327
   Attorneys for Plaintiff
8

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through the Department of Transportation, | Case No. 5:14-CV-02408-R-SP |
| Plaintiff, | **JUDGMENT IN CONDEMNATION** |
| -vs- | |
| JAMES E. DAMRON, et al., | |
| Defendants. | |

Plaintiff, The People of the State of California, acting by and through the Department of Transportation ("Plaintiff") and defendants James E. Damron and Sunny L. Damron, Trustees of the Damron Family Trust Dated January 11, 2002 ("Damrons"), and United States of America (erroneously sued as United States Department of the Treasury – Internal Revenue Service), individually and/or through their respective counsel of record, have stipulated that Judgment in Condemnation as to the real

property, or interests in real property, described in Plaintiff's complaint filed in this proceeding as Parcels 22482-1 and 22482-2 may be entered herein among these parties. The parties have waived Statement of Decision and Notice of Entry of Judgment. The parties have also waived and discharged their respective litigation expenses, attorney's fees, and expert witness fees.

GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. On January 27, 2014, Plaintiff filed the subject civil complaint in eminent domain seeking a partial taking of real property for state highway purposes. The property is located at 18858 Cajon Boulevard, San Bernardino, CA 92407 (hereinafter "Subject Property"). The Subject Property is described as that portion of Lots 22 and 23, Tract No. 3158, in the County of San Bernardino, State of California, as shown on the map recorded in Book 42 of Maps, Page 80, records of said County.

2. Plaintiff filed suit to acquire a portion of the Subject Property, identified as Caltrans Parcel Nos. 22482-1 and 22482-2, which consists of a fee acquisition of 8,738 square feet and a temporary construction easement of 2,000 square feet, respectively. These parcels are being acquired in connection with a joint project by Plaintiff and San Bernardino Associated Governments to widen and reconstruct the I-15/I-215 interchange in San Bernardino, California. On December 11, 2013, the California Transportation Commission, at a meeting held in Riverside, California, passed and adopted Resolution of Necessity No. C-21128, declaring that the property sought to be taken in this proceeding is necessary for state highway purposes. On January 31, 2014, Caltrans deposited with the State Treasurer the sum of $47,100 representing its estimate of the probable amount of compensation for the taking of the Subject Property.

3. On May 28, 2014, Plaintiff obtained possession of Parcels 22482-1 and 22482-2 pursuant to order of the state court.

4.	On August 28, 2012, Defendant, the United States of America recorded a Notice of Federal Tax Lien in the Office of the County Recorder of San Bernardino County, California, as instrument number 2012-0348699.  On August 28, 2012, the United States of America recorded a second Notice of Federal Tax Lien in the Office of the County Recorder of San Bernardino County, California, as instrument number 2012-0348700.

5.	Defendants James E. Damron and Sunny L. Damron, as trustees of the Damron Family Trust Dated January 11, 2002 (hereinafter "the Damrons") filed an answer to the state court complaint prior to the removal of the action.   The Damrons do not object to the partial taking of the Subject Property, but have asserted claims for compensation for the taking and for severance damages to the remainder.

6.	On November 21, 2014, the United States of America removed Plaintiff's state court action to this Court.  [Dkt. 1.]  On December 12, 2014, the United States filed an amended answer and asserted a claim against the entire amount of proposed condemnation proceeds.  [Dkt. 11.]  The United States' claim is based upon Defendant James E. Damron's unpaid federal income tax liabilities for tax years 2006 and 2009.  Pursuant to 26 U.S.C. §§ 6321 and 6322, liens for James E. Damron's unpaid federal income tax liabilities for tax years 2006 and 2009 arose in favor of the United States against all property and rights to property owned by Mr. Damron.

7.	The United States and the Damrons, individual and on behalf of the Damron Family Trust Dated January 11, 2002, stipulate that the liens have continued without interruption since their date of assessment and have not been released or discharged.  As of April 30, 2015, the United States and the Damrons further stipulate that Mr. Damron's outstanding tax liabilities for tax years 2006 and 2009 are in excess of $47,100.00.

8.	As a result, the United States and the Damrons agree that the United States' liens have priority over any condemnation proceeds paid in connection with this judgment

9. The total principal sum to be paid in this proceeding and for the acquisition of Parcels 22482-1 and 22482-2 as described in Plaintiff's complaint is $47,100, inclusive of costs, interest, attorneys' fees, and litigation expenses. This amount shall be paid to defendant United States of America by withdraw of funds from Plaintiff's deposit of probable compensation on January 31, 2014, pursuant to Code of Civil Procedure section 1255.010. Upon receipt of the original or a certified copy of this Judgment, the California State Treasurer shall issue a draft for funds payable to "United States Department of Treasury" in the sum of $47,100.00. This payment shall be mailed to Benjamin L. Tompkins, Assistant United States Attorney, United States Attorney's Office, Tax Division, 300 North Los Angeles Street, Room 7211, Los Angeles, California 90012.

10. The payment made to defendant United States of America in the amount specified above shall be in full payment for the defendants' interest in Parcels 22482-1 and 22482-2 and damages with respect to Parcels 22482-1 and 22482-2 caused by any or all of the following: (a) the acquisition of Parcels 22482-1 and 22482-2; (b) the severance of the remainder from Parcels 22482-1 and 22482-2, the part being acquired; and (c) the construction and use of the project for which the Parcels 22482-1 and 22482-2 is being is taken in the manner proposed by plaintiff. These payments shall be in full payment for all of this defendant's claims of just compensation arising out of the condemnation of Parcels 22482-1 and 22482-2, including, without limitation, defendant's claims for the fair market value of the real and personal property taken, severance damages, loss of rents, loss of business goodwill, precondemnation damages, and all damages of every kind and nature suffered or to be suffered by reason of Plaintiff's acquisition of Parcels 22482-1 and 22482-2, and the construction and use of the project in the manner proposed.

11. AT&T California, successor in interest to The Pacific Telephone and Telegraph Company, having on May 1, 2014, disclaimed any interest in Parcels

1  22482-1 and 22482-2 pursuant to Code of Civil Procedure section 1250.325, is not
2  entitled to any compensation in this proceeding.    A true and correct copy of the
3  AT&T California's disclaimer is attached hereto as Exhibit A.
4        12.    Upon payment of the above-specified sums of money to, or for the benefit
5  of, defendant United States of America, Parcels 22482-1 and 22482-2 shall be
6  condemned to Plaintiff and as against defendants James E. Damron and Sunny L.
7  Damron, Trustees of the Damron Family Trust Dated January 11, 2002, and United
8  States of America, AT&T California, successor in interest to The Pacific Telephone and
9  Telegraph Company for state highway purposes, in fee simple absolute, unless a lesser
10 estate is described, and all interests of defendants James E. Damron and Sunny L.
11 Damron, Trustees of the Damron Family Trust Dated January 11, 2002, and United
12 States of America, AT&T California, successor in interest to The Pacific Telephone and
13 Telegraph Company in and to these parcels shall be terminated.
14        13.    The purpose for which Parcels 22482-1 and 22482-2 are sought to be
15 condemned is a public use authorized by law, and the taking of these parcels is
16 necessary for this use.
17        14.    Plaintiff having taken possession of Parcels 22482-1 and 22482-2 on May
18 15, 2014, free and clear of all federal and state liens, including all taxes, assessments,
19 penalties and costs which are a lien on these parcels and which are apportioned to that
20 portion of the fiscal year after this date, are hereby discharged pursuant to 28 U.S.C.
21 section 2410 and California Revenue and Taxation Code section 5081 et. seq.

DATED:  August 13, 2015

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE